UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AARON M. MCNEIL,

                Plaintiff,

   v.                                                        3:25-cv-00725 (AMN/MJK)

MATTHEW VAN HOUTEN, *et al.*,

                Defendants.

---

**APPEARANCES:**

**AARON M. MCNEIL**
417 Washington Street
Watertown, New York 13601
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.    INTRODUCTION

On June 6, 2025, Plaintiff *pro se* Aaron M. McNeil commenced this action and asserted various claims under 42 U.S.C. § 1983 in connection with his arrest for violating an order of protection. *See* Dkt. No. 1 ("Complaint"). Plaintiff filed an Amended Complaint on June 16, 2025. Dkt. No. 5. Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 9.[1] This matter was referred to United States Magistrate Judge Mitchell J. Katz, who, on July 22, 2025, granted Plaintiff's motion for leave to proceed IFP and recommended that Plaintiff's claims be dismissed. Dkt. No. 13 ("Report-Recommendation").

---

[1] Plaintiff sought leave to proceed IFP on two previous occasions—June 6, 2025, and June 16, 2025. Dkt. Nos. 2, 6. This Court denied both IFP applications as incomplete. Dkt. Nos. 4, 8.

1

Following the issuance of the Report-Recommendation, John Rinaldi,[2] an individual who is neither a party to this action nor a licensed attorney, filed three letter motions requesting judicial reassignment, *see* Dkt. Nos. 14, 15, 17, and an additional amended complaint. Dkt. No. 16. On September 11, 2025, this Court issued an order to show cause directing Plaintiff to file a sworn affidavit affirming his identity as the filer of all of Plaintiff's filings submitted in this case to date. *See* Dkt. No. 19 ("Order to Show Cause"). The Court reminded Plaintiff that unlicensed laypersons may not represent anyone other than themselves, *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007), and warned Plaintiff that failure to comply with the Order to Show Cause may result in the striking of filings not shown to be Plaintiff's own. *See* Dkt. No. 19. Plaintiff failed to respond to the Order to Show Cause. Plaintiff subsequently filed objections to the Report-Recommendation, *see* Dkt. Nos. 24, 26, a Second Amended Complaint, Dkt. No. 25, and a motion for reconsideration.[3] Dkt. No. 27. Though not a model of clarity, Plaintiff's Second Amended Complaint names various state officials and municipal entities and appears to assert Section 1983 claims arising from an alleged conspiracy to maliciously prosecute Plaintiff. *See generally* Dkt. No. 25.

For the reasons set forth below, Dkt. Nos. 14-17 are stricken from the record for failure to comply with the Order to Show Cause. The Court also reviews the sufficiency of the allegations

---

[2] Plaintiff also refers to a "Jack Rinaldi" in numerous filings, *see, e.g.*, Dkt. No. 25 ¶ 50, and the Court presumes this is the same individual.

[3] It appears Plaintiff intended to file a motion for reconsideration in state court, as the case caption reads "*The People of the State of New York v. Aaron M. McNeil*," and the motion is addressed to Tompkins County Court. *See* Dkt. No. 27 at 1. Even assuming *arguendo* that the motion for reconsideration is properly before this Court, the Report-Recommendation submitted by Magistrate Judge Katz is not binding, and thus, not subject to a motion for reconsideration. *See Dunn v. Deutsche Bank Nat. Tr.*, No. 15-cv-809, 2015 WL 5650182, at *1 (N.D.N.Y. Sept. 24, 2015).

in Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915.[4] Following that review, and for the reasons discussed below, Plaintiff's Second Amended Complaint is dismissed with prejudice and without leave to amend.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), "the Court must dismiss a complaint filed IFP if it determines that the action '(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" *Brown v. Budelmann*, No. 23-cv-2, 2023 WL 4424119, at *2 (N.D.N.Y. Apr. 17, 2023), *report and recommendation adopted*, 2023 WL 4144999 (N.D.N.Y. June 23, 2023) (quoting 28 U.S.C. § 1915(e)(2)(B), then citing *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)). "To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is 'plausible on its face.'" *Anthony v. Murphy*, No. 15-cv-450, 2015 WL 1957694, at *2 (N.D.N.Y. Apr. 28, 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)), *report and recommendation adopted*, 2015 WL 3409261 (N.D.N.Y. May 27, 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction." *Wilson v. Flanders*, No. 23-cv-263, 2023 WL 3251992, at *1 (N.D.N.Y. May 4, 2023) (citing Fed. R. Civ. P. 12(h)(3)), *report and recommendation adopted*, 2023 WL 3496372 (N.D.N.Y. May 17, 2023).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

---

[4] The Court does not review the Report-Recommendation assessing the sufficiency of the allegations in the Complaint, given the subsequent filing of a Second Amended Complaint. Dkt. No. 25.

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). While courts should not dismiss a *pro se* complaint "without granting leave to amend at least once when . . . a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotations and citations omitted), "an opportunity to amend is not required where 'the problem with the plaintiff's causes of action is substantive' such that 'better pleading will not cure it.'" *Wilson v. Flanders*, 2023 WL 3251992, at *1 (internal brackets omitted) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Moreover, a plaintiff's *pro se* status neither exempts a plaintiff from compliance with relevant rules of procedural and substantive law, *see Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted), nor excuses frivolous or vexatious filings. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525, 529 n.1 (2d Cir. 2005).

### III. DISCUSSION

#### A. Order to Show Cause

Plaintiff did not comply with the Court's Order to Show Cause. Plaintiff did not file a sworn affidavit that affirms his identity as the filer of all Plaintiff's filings in this case or make any other response to the Order to Show Cause. *See* Dkt. No. 19. Instead, on September 30, 2025, Plaintiff filed a notice of change of address, *see* Dkt. No. 21, following which, the Court, on October 6, 2025, again directed Plaintiff to respond to the Order to Show Cause, and set a deadline of October 24, 2025. *See* Dkt. No. 23. Instead, Plaintiff filed objections to the Report-Recommendation, a Second Amended Complaint, and a motion for reconsideration. Dkt. Nos. 24-27.

Accordingly, those docket entries filed by John Rinaldi, Dkt. Nos. 14-17, are stricken from

the record.

### B. Second Amended Complaint

Next, the Court considers the sufficiency of the allegations in the Second Amended Complaint pursuant to Section 1915. The Second Amended Complaint suffers from numerous deficiencies, which the Court briefly outlines below.

First, Plaintiff's Second Amended Complaint includes John Rinaldi and Plaintiff's child, Macklyn McNeil, as additional plaintiffs. *See* Dkt. No. 25 at 1. A non-attorney is prohibited from representing another individual in federal court proceedings without the assistance of licensed counsel, irrespective of whether that individual is a minor or an incompetent person. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (noting that a *pro se* plaintiff "may not appear on another person's behalf in the other's cause"). Plaintiff is not a licensed attorney and may not hold himself out as one. *See Goldstein v. Bowery Defendants*, No. 24-cv-5683, 2024 WL 3794341, at *7 n.1 (S.D.N.Y. Aug. 12, 2024) (directing plaintiff to desist from holding himself out as an attorney) (citation omitted).[5] Because Plaintiff is not an attorney, he cannot assert any claims on behalf of John Rinaldi or Macklyn McNeil. Accordingly, the Court dismisses all claims that Plaintiff asserts on behalf of John Rinaldi and Macklyn McNeil.

Second, to the extent that Plaintiff seeks to challenge ongoing state court proceedings in Tompkins County Court, this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine. Under *Younger*, federal courts must abstain from adjudicating federal constitutional

---

[5] The Court notes that Docket Numbers 25, 26, and 27 include a seal or emblem of some sort with the title "McNeil-Rinaldi Law." As with Plaintiff, Mr. Rinaldi is not a licensed attorney and may not hold himself out as one, nor may Plaintiff and Mr. Rinaldi hold themselves out together as engaged in the practice of law. Any further submissions in this vein may warrant sanctions.

claims "that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). "A state action is considered 'pending' for *Younger* purposes through the completion of the state appeals process, even if the federal plaintiff has failed to exercise his state appellate rights." *Jureli, LLC v. Schaefer*, 53 F. Supp. 3d 552, 559 (E.D.N.Y. 2014) (citations omitted). According to Plaintiff's submissions in this action, his state court proceeding is indeed ongoing—he has pled guilty, but he has not yet been sentenced. *See* Dkt. No. 24-7 at 4-9 (signed plea agreement with a sentencing date of April 13, 2026). Accordingly, *Younger* abstention is proper here.

Third, to the extent that Plaintiff seeks to challenge his conviction in Tompkins County Court, the *Rooker-Feldman* doctrine bars Plaintiff's claims. Under *Rooker-Feldman*, federal district courts lack subject matter jurisdiction over suits where "a plaintiff seeks relief that invites a federal district court to reject or overturn a final decision of a state court as to a conviction." *Cathlin v. City of New York*, No. 23-cv-4219, 2023 WL 6929187, at *3 (S.D.N.Y. Oct. 18, 2023) (collecting cases). Here, Plaintiff's claims are barred under *Rooker-Feldman* because Plaintiff pled guilty and was convicted in state court before bringing this action. *See, e.g.*, *Moalawi v. James*, No. 22-cv-6770, 2023 WL 4817618, at *2 (S.D.N.Y. July 27, 2023) (finding that *Rooker-Feldman* barred Plaintiff's challenge to his state court conviction under Section 1983).

Fourth, Plaintiff's Section 1983 claims are also barred by *Heck v. Humphrey*. 512 U.S. 477 (1944). Under *Heck*, a Section 1983 plaintiff is barred from seeking damages for an allegedly unconstitutional conviction unless the conviction has been invalidated. *Id.* at 486-87. Here, Plaintiff's claims arise from his state court conviction—Plaintiff's violation of an order of protection, which resulted in his arrest and conviction in Tompkins County, *see* Dkt. No. 24-7 at

4-13—and that conviction has not been invalidated. Therefore, Plaintiff's Section 1983 claims are also barred by *Heck*.

Fifth, Plaintiff has, in any event, failed to state a claim against any Defendant, either because the Defendants are immune or because the claims are not plausibly alleged. *See, e.g.*, *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) (finding district attorneys and assistant district attorneys immune from suit when acting as prosecutors); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that judges have absolute immunity for judicial acts performed in their judicial capacities); *King v. Simpson*, 189 F.3d 284, 287-88 (2d Cir. 1999) (noting that, as a general matter, parole officers are entitled to immunity in the performance of their duties); *White v. Syracuse Police Dep't*, No. 18-cv-1471, 2019 WL 981850, at *3 (N.D.N.Y. Jan. 7, 2019) (indicating that a municipal department cannot be sued as an entity separate from the municipality in which it is located); *Riley v. Cuomo*, No. 17-cv-1631, 2018 WL 1832929, at *4 (E.D.N.Y. April 16, 2018) (holding that the New York State Police is immune from Section 1983 claims); *Deferio v. City of Syracuse*, 770 F. App'x 587, 591 (2d Cir. 2019) (dismissing claims against the municipality for failure to allege a policy or custom that resulted in the alleged deprivation of rights); *Wynder v. Goltzer*, No. 24-cv-7925, 2025 WL 2207248, at *6 (S.D.N.Y. Aug. 3, 2025) (barring a claim of ineffective assistance of counsel against defense attorney unless plaintiff can demonstrate that his conviction or sentence was invalidated); *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018) (affirming dismissal of malicious prosecution claim for lack of favorable termination).

Lastly, this action is frivolous and must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "An action is frivolous when either: (1) the factual contentions are clearly baseless . . .; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141

F.3d at 437 (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous when it "lacks an arguable basis either in law or in fact"). The Court finds that Plaintiff does not provide any plausible factual support for his claims. Plaintiff alleges, *inter alia*, that Assistant District Attorney Perks-Quinlan fabricated a charge of strangulation; Judge Kennedy-Smith visited Plaintiff while he was incarcerated at Tompkins County Jail and threatened him with a sentence of death if he exercised his right to trial; District Attorney Van Houten is under a formal investigation for engaging in a criminal enterprise; and the New York State Commission on Judicial Conduct formally sanctioned Judge Kennedy-Smith. *See* Dkt. No. 25 at ¶¶ 24-25, 29, 38-39. Plaintiff's allegations amount to conclusory and entirely unsupported claims that display a level of irrationality and must therefore be dismissed as frivolous.

The Court has also carefully considered whether to grant Plaintiff leave to amend the Second Amended Complaint but finds that further amendment would be futile given these numerous deficiencies. *See Cuoco*, 222 F.3d at 112. Accordingly, the Second Amended Complaint is dismissed with prejudice and without leave to amend.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** the Clerk to **STRIKE** Dkt. Nos. 14-17 pursuant to this Court's prior Order, Dkt. No. 19, and the Court further

**ORDERS** that the Report-Recommendation, Dkt. No. 13, and Plaintiff's objections to the Report-Recommendation, Dkt. Nos. 24 and 26, are **DENIED** as moot in light of Plaintiff's subsequent filing of a Second Amended Complaint; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration, Dkt. No. 27, is **DENIED** as procedurally improper; and the Court further

**ORDERS** that Plaintiff's Second Amended Complaint, Dkt. No. 25, is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk shall close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 13, 2025
       Albany, New York

                                                    Anne M. Nardacci
                                                    U.S. District Judge